DAVID FRATT, RESPONDENT, *v.* JOHN J. WALK AND EMMA WALK, HIS WIFE, JEROME J. NICKEY AND MARGARET M. NICKEY, HIS WIFE, CLARA M. LEATHE, H. H. MUND, ALBERT L. BABCOCK AND ARTHUR W. MILES, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BABCOCK AND MILES, HARRY M. ALLEN AND JOHN P. WHITE, COPARTNERS, DOING BUSINESS AS H. M. ALLEN & CO., AND ROMEO LAVIGNE, APPELLANTS.

PLEADING—*Foreclosure of real estate mortgage — Complaint.*—The defendants, on their appeal, objected that the complaint in the action (which was for the foreclosure of a mortgage on real property, and is set forth in the statement) did not contain facts sufficient to constitute a cause of action. *Held,* that the complaint was sufficient.

FORECLOSURE—*Decree—Interest.*—A decree for the foreclosure of mortgaged real estate, directed the proceeds of sale to be applied in payment of the plaintiff's note with interest, as therein provided, at the rate of twelve per cent per annum. The proceeds being insufficient, a deficiency judgment was duly entered, which, however, only bore interest at the rate of ten per cent per annum. *Held,* that the decree was proper.

*Appeal from the Third Judicial District, Yellowstone County.*

The complaint in this action was as follows:—

The plaintiff complains and alleges:  I.  That on the twenty-seventh day of December, 1886, at Billings, in the county of Yellowstone, and Territory of Montana, the defendants, John J. Walk and Emma Walk, his wife, Jerome J. Nickey and Margaret M. Nickey, his wife, and Clara M. Leathe, made their promissory note, bearing date on that day, in the words and figures following, to wit:—

$12,500          BILLINGS, MONTANA, 27th December, 1886.

Three years after date, for value received, we jointly and severally promise to pay to the order of David Fratt, twelve thousand and five hundred dollars, with interest at one per cent per month from date until paid, and with attorney's fees in addition to other costs in case the holder is obliged to enforce payment at law.  . Interest payable semi-annually.  Payable at First National Bank, Billings, Montana.

> J. J. WALK.
> JEROME J. NICKEY.
> EMMA WALK.
> CLARA M. LEATHE.
> MARGARET M. NICKEY.

II.  That the said defendants last above named, to secure the payment of the said principal sum, and the interest thereon as mentioned in said note according to the tenor thereof, did execute under their hands and seals, and deliver to the said plaintiff, a certain mortgage, bearing date the twenty-seventh day of December, 1886, and conditioned for the payment of the said sum of twelve thousand and five hundred dollars, and interest thereon at the rate, and at the time, and in the manner specified in said note, and according to the conditions thereof, which said mortgage was duly acknowledged and certified so as to entitle it to be recorded; and the same was afterwards, to wit, on the twenty-eighth day of December, 1886, duly recorded in the office of the county recorder of the county of Yellowstone, Territory of Montana, in book 3 of Mortgages, page 41, a copy of which said mortgage with the indorsements thereon is hereunto annexed, marked "Exhibit A," and made a part of this com-

plaint (the mortgage was in the usual form), and the property so mortgaged is described as follows, to wit: The lots one (1), two (2), three (3), and four (4), in block number ninety-two (92), in the city of Billings, county of Yellowstone, and Territory of Montana, according to the original town plat of Billings, on file in the office of the clerk and recorder of said county of Yellowstone, together with the three-story brick building and appurtenances thereon, known as the Grand Hotel, and the steam heater and apparatus connected therewith, attached to and connected with said Grand Hotel, and known as the E. F. Osborne Steam Heater.

III.   That the interest on said principal sum mentioned in said promissory note and in the said mortgage has been paid down to the twenty-seventh day of March, 1887, but nothing more has been paid thereon, and the principal sum mentioned in said promissory note and mortgage, together with interest thereon at the rate of one per cent per month from the twenty-seventh day of March, 1887, has by the terms of said mortgage by non-payment of interest become due, and has not been paid by said defendants.

IV.   That the plaintiff, on the twenty-second day of October, 1887, or thereabouts, paid on said premises the sum of one hundred and sixty-four dollars ($164) for insurance thereon as provided in said mortgage, which was a lien and encumbrance upon said premises legally attaching thereto, and the said sum of one hundred and sixty-four dollars insurance so paid by the plaintiff, and interest thereon at the rate of one per cent per month, from the twenty-second day of October, 1887, has not been paid by the defendants to the plaintiff.

V.   That by the terms of said note and mortgage it was agreed by the defendants, J. J. Walk and Emma Walk, his wife, Jerome J. Nickey and Margaret M. Nickey, his wife, and Clara M. Leathe, that in case the holder of said note and mortgage was obliged to enforce payment thereof at law, the said defendants last above named should pay the plaintiff, and that the plaintiff should retain from the proceeds of the sale of said mortgage property, reasonable attorney's fees.   That the plaintiff is the lawful owner and holder of said note and mortgage, and the sum of one thousand dollars is a reasonable fee for

counsel in foreclosing said mortgage and enforcing payment of said note at law.

VI.   That the defendant, H. H. Mund, has, or claims to. have, some interest or claim upon the premises above described, or some part thereof, as mortgagee, which interest or claim is subsequent to, and subject to the lien of the plaintiff's mortgage.

VII.   That the defendants, Albert L. Babcock and Arthur W. Miles,. and H. M. Allen and John P.. White, have, or claim to have, liens on said premises, by way of mechanic's liens.

VIII.   That the defendant, Romeo Lavigne,. has, or claims to have, a lien on said premises, by way of mechanic's lien, but the same has lapsed,. and is subsequent to and inferior to the lien of plaintiff's mortgage.                                .

Wherefore, the plaintiff prays judgment against the defendants, J. J. Walk and Emma Walk, his wife, Jerome J. Nickey and Margaret M. Nickey, his wife, and Clara M. Leathe.

I.   For the sum of twelve thousand and five hundred dollars, with interest thereon at the rate of one per cent per month from the twenty-seventh day of March, 1887; for one thousand dollars, attorney's fees; for one hundred and sixty-four dollars insurance, with interest thereon from the twenty-second day of October, 1887, at one per cent per month, and for costs of suit.

II.   That the usual decree may be made for the sale of said premises by the sheriff of said county, according to law and the practice of this court; that the proceeds of said sale may be applied, as in the judgment of this court shall seem right and just, in payment of said liens of Albert L. Babcock and Arthur W. Miles, and H. M. Allen and John P. White,. and also in payment of the amount due to the plaintiff. And that said defendants, and all persons claiming under them, subsequent to the execution of said mortgage upon said premises,. either as purchasers, encumbrancers, or otherwise, may be barred and foreclosed of all right, claim, or equity of redemption in the said premises, and every part thereof, and that the said plaintiff may have judgment and execution against the said defendants, J. J. Walk and Emma Walk, his wife, Jerome J. Nickey and Margaret M. Nickey, his wife, and Clara M. Leathe, for any deficiency which may remain after applying all the proceeds of the

sale of the said premises, properly applicable to the satisfaction of the said judgment.

III. That the plaintiff, or any other party to the suit, may become purchaser at said sale; that the sheriff execute a deed to the purchaser; that the said purchaser be let into the possession of the premises on production of the sheriff's deed thereof, and that the plaintiff may have such other and further relief in the premises as to this court may seem meet and equitable. The mortgage provided for the payment of interest, at the rate as claimed in the complaint, on all sums paid by the mortgagee for insurance. All the other facts appear in the opinion.

*O. F. Goddard*, for Appellants.

The complaint does not state facts sufficient to constitute a cause of action, and this objection may be taken for the first time in the Supreme Court. (Comp. Stats. § 88, p. 82; *Parker* v. *Bond*, 5 Mont. 12; *Foster* v. *Wilson*, 5 Mont. 57; *Anderson* v. *Hulme*, 5 Mont. 295.) The facts, and those only which constitute a cause of action, must be stated. (Estee's Pleadings, 2d ed. p. 163; *Piercy* v. *Sabin*, 10 Cal. 27; 70 Am. Dec. 692; *Green* v. *Palmer*, 15 Cal. 413; 76 Am. Dec. 492. See Forms Estee's Pleadings, 1st ed. p. 253, and 2 Boone on Code Pleading, p. 244.) A complaint must allege the debt was due and owing at the time the suit was commenced. (Boone on Code Pleading, § 144.) The complaint does not allege a demand by plaintiff upon defendants for money paid for insurance of premises. A complaint which alleges a promise without alleging a breach, or which alleges a breach without alleging a promise, does not state a cause of action. (*Du Brutz* v. *Jessup*, 70 Cal. 75.) A bad complaint will not support a judgment, and if the complaint contains more than one cause of action, and the verdict is general, and one of the counts does not state facts sufficient to constitute a cause of action, the judgment will be reversed. (*Barron* v. *Frink*, 30 Cal. 486.) The judgment is void, for the reason that it bears upon its face an illegal rate of interest. (Comp. Stats. § 1237, p. 991.)

*John Tinkler*, and *J. W. Strevell*, for Respondent.

The allegation of the complaint is sufficiently full as to non-payment of the debt as stipulated in the note and mortgage. The action was commenced in April, 1888; the last payment of interest was more than a year previous to that time. The terms of the mortgage making the whole debt due on such default are plain and need no comment. The exception, that the complaint does not allege demand for money paid for insurance, even if available by special demurrer below, is of no consequence after judgment. The court found, "that said plaintiff has been compelled to pay insurance upon said property amounting, with interest, to the sum of $176.68." This finding was in no way excepted to at the trial, nor any other or different finding requested. It is hardly necessary to cite the provisions of our statute on this subject at page 130, section 280. The findings of the court stand in the place of a verdict by the jury. A verdict for plaintiff affirms every allegation of the complaint essential to a recovery. (*Reardon* v. *San Francisco*, 66 Cal. 494; 56 Am. Rep. 109.) Appellants allege the judgment is void because it bears on its face an illegal rate of interest. The provisions of our statutes in relation to judgments and contracts of the nature we are considering are at page 991, §§ 1236, 1237, 1238. The conditions of the note in relation to interest will be observed. By our statute, "*when there is no agreement* as to the rate thereof," then it is ten per cent "on any judgment rendered before any court." But by section 1238 "the parties may stipulate for a greater or higher rate of interest than ten per cent. . . . ." And when the words recited in the statute or their equivalent are used, then "they shall be construed to mean interest at the stipulated rate till the same is paid." Nothing can be plainer than that the contract, if there be one, controls, and it is fundamental that courts enforce contracts by judgments. Up to 1868 California courts rendered the same interest on judgments provided for in the contracts; but at the date last named the legislature provided that the judgment should only bear seven per cent, no matter what the contract might be. On this point see *Guy* v. *Franklin*, 5 Cal. 416; *Emeric* v. *Tams*, 6 Cal. 155; *Raun* v. *Reynolds*, 11 Cal. 14; *Corcoran* v. *Doll*, 32 Cal. 83. But we submit that no construction can be called for in this case. In the first instance, the court simply, by its decree,

enforces a proceeding *in rem*. And out of this property the court simply provided in its decree that the plaintiff should have the interest stipulated in the note. And then at page 24 the court directed, that if it became necessary to enter a *judgment*, that such judgment should bear ten per cent.

McCONNELL, C. J.—This is an action brought in the District Court of Yellowstone County to foreclose a mortgage on certain real estate, executed to secure a note made by appellants to respondent, on the 27th of December, 1886, and due three years after date, for twelve thousand five hundred dollars, interest payable semi-annually. The appellants bring this case into this court upon the judgment roll, and allege as grounds of error that the complaint does not state facts sufficient to constitute a cause of action; that the facts, and those only which constitute a cause of action, must be stated; that the complaint must allege that the debt was due and owing at the time suit was commenced; that the complaint does not allege a demand made upon defendants for the money paid for insurance; that a complaint which alleges a promise without alleging a breach, or which alleges a breach without alleging a promise, does not constitute a cause of action; that a bad complaint will not support a judgment; and that the judgment is void for the reason that it bears upon its face an illegal rate of interest. By reference to the transcript it appears that not one of the objections made by counsel for appellants is sustained. The complaint sets forth a cause of action upon the note and mortgage in due form; the appellants voluntarily withdrew their demurrer, and allowed judgment to go against them by default. The decree of foreclosure directs the sheriff to sell the property and pay off the note of respondent, allowing him interest at the rate of twelve per cent per annum. This was in accordance with the note, which provided that it should bear that rate until paid. The land has been sold, and there was a judgment over for the remainder not paid by the proceeds of sale. This judgment bears ten per cent interest. The mortgage provides that the note shall be due and payable when there shall be a default in the payment of interest for thirty days, and the complaint alleges that such default existed for eleven months before this

action was commenced. The complaint also shows that the appellants agreed in their mortgage that respondent should insure the premises, and that they would pay him one per cent per month interest on the same, and the complaint alleges that he has done this to the amount of $176.85. The law on the subject of the requisites for good pleading laid down in the brief of appellants' counsel is entirely correct, and would be available for his clients if they had a case to which it was applicable. There is no merit in this appeal, and it is dismissed at the cost of appellants.

*Judgment affirmed.*

BACH, J., and DE WOLFE, J., concur.